ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| MARÍA ISABEL VARGAS RODRÍGUEZ Y OTROS<br><br>Peticionaria<br><br>v.<br><br>FRANCISCO RAFAEL VENTURA RODRÍGUEZ Y OTROS<br><br>Recurridos | KLCE202400327 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm. SJ2020CV04527<br><br>Sobre: División o Liquidación de la Comunidad de Bienes Hereditarios |
|---|---|---|

Panel integrado por su presidente el Juez Bermúdez Torres, la Jueza Romero García y la Jueza Brignoni Mártir[1]

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 16 de mayo de 2024.

I.

El 25 de agosto de 2020 la Sra. María Isabel Vargas Rodríguez entabló *Demanda* contra sus hermanos,[2] sobre liquidación de sucesión y/o herencia y solicitud de liquidación, de partición y remoción de albacea testamentario. Señaló que su madre, la Sra. Esperanza Isabel Rodríguez, había fallecido el 28 de noviembre de 2018 y que otorgó Testamento Abierto ante notario público el 30 de diciembre de 2017. Expuso que, en el Testamento, la señora Rodríguez reservó el tercio de mejora de la herencia para ella y que, además, estableció que el pago de los derechos hereditarios se realizaría mediante una propiedad sita en San Juan, Puerto Rico.

---

[1] De conformidad con la Orden Administrativa OAJP-2021-086, inciso 3, se asigna este recurso. Se modifica la integración del Panel, mediante la Orden Administrativa OATA-2024-037 de 19 de marzo de 2024, en la que se designa a la Hon. Maritere Brignoni Mártir en sustitución de la Hon. Gina R. Méndez Miró, por esta haber dejado de ejercer funciones como Jueza del Tribunal de Apelaciones desde el 24 de febrero de 2023.

[2] Los herederos de la señora Rodríguez son: el Sr. Francisco Rafael Ventura Rodríguez, la Sra. Gladys Gómez Rodríguez, la Sra. Ana Daisy Ventura Rodríguez, el Sr. Ambriorix Antonio Ventura Rodríguez, el Sr. Guillermo Antonio Ventura Rodríguez, la Sra. Nelsa Altagracia Rodríguez y el Sr. Julio Cesar Rodríguez López.

Alegó que en el Testamento la señora Rodríguez designó como albacea a su hijo el Sr. Francisco Rafael Ventura Rodríguez y que este, se había apoderado de los bienes del caudal relicto, sin cumplir con sus facultades y actuando de manera maliciosa y dolosa en la administración de los bienes de la causante. Finalmente, solicitó que se ordenara la liquidación del caudal hereditario de la señora Rodríguez, que se removiera al señor Ventura Rodríguez como albacea y que se responsabilizara a este por cualquier daño causado al caudal hereditario.

El 29 de enero de 2021, los herederos de la señora Rodríguez presentaron *Petici[ó]n de Divisi[ó]n de Comunidad de Bienes Hereditarios/Partici[ó]n de Herencia.*[3] Luego de un extenso trámite procesal y en lo aquí pertinente, el 20 de febrero de 2024 presentó *Moción en Torno a Expresarse en Torno a los Gastos Incurridos por el Albacea Testamentario*, planteó estar en desacuerdo con la *Orden* emitida por el Foro primario el 15 de febrero de 2024, notificada el 16, en la cual se estableció que el Tribunal en múltiples ocasiones había ordenado a las partes a sostener comunicación telefónica, por entender que hacerlo resultaba una pérdida de tiempo. Por último, argumentó que:

> Si no han querido respetar la escritura de Testamento Abierto número ocho (8), otorgada por doña Esperanza Isabel Rodríguez, t/c/c como Esperanza Isabel Castro Rodríguez, en San Juan, Puerto Rico, el 30 de diciembre de 2017 a las 11:00 a.m. ante la Notaría Pública Marieli Lausell Hernández, ni las actuaciones del Registrador de la Propiedad, que siquiera han cuestionado, las inscripciones de las propiedades pertenecientes a la Sucesión de doña Esperanza Isabel Rodríguez, t/c/c como Esperanza Isabel Castro Rodríguez, inscritas en el Registro de la Propiedad, Sección Tercera de San Juan, y de la Oficina de Inspección de Notarías (ODIN) el Tribunal Supremo de Puerto Rico, mucho menos van a actuar espontáneamente para seguir las instrucciones del Tribunal.

---

[3] Por ser las mismas partes y hechos fue consolidada con el SJ2020CV04527.

En respuesta, el 20 de febrero de 2024, notificada el 21, el Tribunal de Primera Instancia emitió *Orden* apercibiéndole de no repetir dichos argumentos y que, de repetirlos nuevamente, se le impondría sanción económica por $250.00. El 23 de febrero de 2024 la señora Vargas Rodríguez presentó *Moción Solicitando Desistimiento y/o que se tenga por no radicada, la segunda Moción de Prórroga [SUMAC 498] radicada por la parte demandante el 20 de febrero de 2024 y solicitud de que también se deje sin efecto la orden [SUMAC 501] emitida el 20 de febrero de 2024, notificada el 21 de febrero de 2024* solicitando que se dejara sin efecto la *Orden* emitida el 20 de febrero de 2024. El 27 de febrero de 2024, notificada el 28, el Foro *a quo* emitió *Orden* declarando No Ha Lugar la *Solicitud*.

En desacuerdo, el 18 de marzo de 2024, la señora Vargas Rodríguez compareció mediante *Escrito de Certiorari*. Plantea:

**PRIMER ERROR:**

Incidió y/o incurrió en grave error de Derecho y/o de hechos el Honorable Andrés M. Ramírez Marcano, del Tribunal de Primera Instancia, Sala de San Juan, al dictar la Orden [SUMAC 501] el 20 de febrero de 2024, *notificada el 21 de febrero de 2024* y la Orden [SUMAC 503] el 27 de febrero de 2024, *notificada el 28 de febrero de 2024*, que exponen:

Orden

[SUMAC 501]

Enterado. Se apercibe al Lcdo. Radison, por última ocasión, que se abstenga de repetir sus mismos argumentos- tal y como lo hace en el párrafo número 4 de su moción del 20 de febrero de 2024 (SUMAC 499). Ante tal repetitiva actuación, y ante nuestros previos apercibimientos sobre este asunto, se apercibe al Lcdo. Radison que, de repetirse la situación, se le impondrá una sanci[ó]n económica de $250.00 sin más escucharle.

Se ordena notificar copia de esta Orden directamente a la parte demandante – para su conocimiento. HRS Erase v. Centro Médico del Turabo, 205 D.P.R. 689 (2020).

Notifíquese. San Juan, Puerto Rico, hoy 20 de febrero de 2024.

f/ ANDRÉS M. RAMÍREZ MARCANO Nombre y Firma del (de la) Juez o Jueza *(Énfasis suplido nuestro)*

Orden

[SUMAC 503]

Enterado. Se declara NO HA LUGAR la solicitud para que este Tribunal deje sin efecto su orden del 20 de febrero de 2024 (SUMAC 501).

**SEGUNDO ERROR:**

Respetuosamente entendemos que incurrió en grave error de Derecho y/o de hechos el Honorable Andrés M. Ramírez Marcano, del Tribunal de Primera Instancia, Sala de San Juan, al no darle validez y/o respetar las determinaciones que hizo el Honorable Registrador de la Propiedad, Sección Tercera de San Juan, que había inscrito sin objeción de clase alguna las inscripciones hechas por dicho Registrador que inscriben como bienes privativos de la señora doña Esperanza Isabel Rodríguez, t/c/c como Esperanza Isabel Castro Rodríguez (Q.E.P.D.) las fincas números 8,344, 21,161 y 15,408.

De igual forma, en la misma línea, incurrió en grave error de Derecho y/o de hechos el Honorable Andrés M. Ramírez Marcano, al no darle crédito alguno a la Planilla de Caudal Relicto presentada el 25 de noviembre de 2020 por el Albacea Testamentario Francisco Rafael Ventura Rodríguez y su Contable, Jesús A. Goas, cuando estos en la referida planilla exponen y/o confiesas en la misma que las fincas números 8,344, 21,161 y 15,408, pertenecen en su carácter privativo a la señora doña Esperanza Isabel Rodríguez, t/c/c como Esperanza Isabel Castro Rodríguez.

El 3 de mayo de 2024 el señor Ventura Rodríguez compareció mediante *Oposición a Escrito de Certiorari y en Solicitud de Desestimaci[ó]n al Amparo de la Regla 40 del Reglamento de Este Honorable Tribunal.* Alegó que el Foro primario no ha decidido en el caso, sino que este solo apercibió al abogado de la señora Vargas Rodríguez que desistiera de presentar mociones repetitivas y denegó una solicitud de retirar una prórroga que ya había sido concedida. Añade que la señora Vargas Rodríguez busca que este Foro intermedio resuelva la controversia sin que haya determinación alguna del Foro primario.

Con el beneficio de la comparecencia de las partes, el expediente judicial, el derecho y jurisprudencia aplicables, resolvemos.

II.

Todo dictamen emitido por el Tribunal de Primera Instancia en el curso del proceso judicial es revisable, bien sea por apelación o por *certiorari*. El auto de *certiorari* es un remedio procesal utilizado para que un tribunal de mayor jerarquía pueda corregir un error cometido por un tribunal inferior. Distinto a los recursos de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional. Esta discreción, se ha definido como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera.[4] No significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción.[5]

Con el fin de que podamos ejercer de una manera sabia y prudente la facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento de este Tribunal nos señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. Dispone:

> **Regla 40. Criterios para expedición del auto de *certiorari***
> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

---

[4] *Pueblo* v. *Rivera Montalvo*, 205 DPR 352, (2020); *Negrón* v. *Srio de Justicia*, 154 DPR 79 (2001).

[5] *Medina Nazario* v. *McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *Pueblo* v. *Custodio Colón*, 192 DPR 567, 588 (2015).

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[6]

El *certiorari,* como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso.[7] La denegatoria de expedir un auto de *certiorari,* no constituye una adjudicación en los méritos. Es el ejercicio de nuestra facultad discrecional para no intervenir a destiempo con el trámite pautado por el foro de instancia, evitando que se dilate innecesariamente la resolución final del pleito.[8] La parte afectada con la denegatoria de expedirse el auto de *certiorari,* tiene a su favor el revisar el dictamen final, cuando se resuelva la causa de acción por el foro primario.[9]

Además, como se sabe, "los tribunales apelativos no debemos, con relación a determinaciones interlocutorias discrecionales procesales, sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción".[10] El tribunal de instancia goza de amplia discreción para pautar el manejo de los casos ante su consideración, a fin de lograr la búsqueda de la verdad y que sean adjudicados de manera rápida y correctamente. Como Foro intermedio, no vamos a intervenir con el ejercicio de tal autoridad, excepto se demuestre que medió craso abuso de discreción, que hubo una interpretación o aplicación errónea de una

---

[6] 4 LPRA Ap. XXII-B, R. 40.

[7] *Pérez* v. *Tribunal de Distrito,* 69 DPR 4, 7 (1948).

[8] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R.40; *Filiberty* v. *Soc. de Gananciales,* 147 DPR 834, 838 (1999).

[9] *Negrón,* 154 DPR, a la pág. 93; *Bco. Popular de P.R.* v. *Mun. de Aguadilla,* 144 DPR 651, 658 (1997).

[10] *Meléndez* v. *Caribbean Int'l News,* 151 DPR 649, 664-665 (2000); *Lluch* v. *España Service Sta.,* 117 DPR 729, 745 (1986); *Valencia, Ex Parte,* 116 DPR 909, 913 (1986).

norma procesal o sustantiva de derecho y que la intervención revisora evitará perjuicio sustancial a la parte alegadamente afectada.[11]

### III.

En este caso, la señora Vargas Rodríguez solicita que revisemos dos *Órdenes* emitidas por el Tribunal de Primera Instancia en las que: (1) ordena a que se abstenga de repetir sus argumentos en las mociones presentadas y, (2) declara No Ha Lugar la solicitud realizada por esta para que dejara sin efecto una prórroga que había otorgado. Bajo la precitada Regla 40 de nuestro Reglamento, nos abstendremos de intervenir en esta etapa de los procedimientos. No encontramos ningún elemento que nos motive a intervenir con las determinaciones del Foro primario. Consecuentemente, se deniega la expedición del recurso.

### IV.

Por los fundamentos antes expuestos, *denegamos* la expedición del presente recurso de *Certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[11] *García* v. *Asociación*, 165 DPR 311 (2005); *Meléndez*, 151 DPR a las págs. 664-665.